**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
CASE NO.

GREG BERNINI,

    Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,

    Defendant.
_____/

## COMPLAINT

Plaintiff Greg Bernini ("Plaintiff") files this Complaint against Defendant Credit Protection Association ("Defendant") and alleges as follows:

## NATURE OF ACTION

1. Defendant violated the Telephone Consumer Protection Act and the Florida Consumer Collections Practices Act by placing an excessive number of phone calls to Plaintiff's cellular phone using an automatic telephone dialing system or pre-recorded or artificial voice.

2. Plaintiff alleges a violation of Plaintiff's fundamental rights under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Defendant used an automatic telephone dialing system or pre-recorded or artificial voice ("automated dialing system") to repeatedly call Plaintiff's cellular phone, which is a per se violation of the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).

3. Plaintiff also alleges violations of the Florida Consumer Collection Practices Act ("FCCPA"). Fla. Stat. §§ 559.55-559.785.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331, 47 U.S.C. §227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls to Plaintiff in this District.

## PARTIES

5. Plaintiff Greg Bernini is a natural person and citizen of the State of Florida, and a resident of Pasco County, Florida.

6. Defendant Credit Protection Association is a debt collector with its principal place of business located in Dallas, Texas.

## FACTUAL ALLEGATIONS

7. Plaintiff has had a cellular telephone number for more than one year.

8. Plaintiff has only used this number as a cellular telephone number.

9. From February 11, 2015 to July 21, 2015, Defendant called Plaintiff's cellular telephone dozens of times.

10. Defendant Credit Protection Association's automated dialing system called Plaintiff's cellular phone numerous times on individual dates in an attempt to collect a purported debt from Plaintiff.

11. On or before February 11, 2015, Plaintiff instructed Credit Protection Association to stop calling Plaintiff's cell phone.

12. During the time period of February 11, 2015 to July 21, 2015, Credit Protection Association initiated more than sixty five (65) calls to Plaintiff's cellular telephone using an automated dialing system.

13. Plaintiff did not at any time after February 11, 2015, consent to receive calls from Defendant.

14. Defendant's initiation of these phone calls to Plaintiff, using an automatic telephone dialing system or a pre-recorded or artificial voice, is a per se violation of the TCPA.

15. Defendant's continued calling of Plaintiff's cellular phone after being specifically instructed to stop was a willful and/or knowing violation of the TCPA.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff repeats the allegations set forth in paragraphs 1 through 16 above as if fully restated herein.

18. Defendant, or others acting at its request, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

19. Defendant knowingly and intentionally violated the TCPA by placing phone calls to Plaintiff's cellular phone using an automatic telephone dialing system or pre-recorded or artificial voice after being instructed to stop.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

    a. For every violation of 47 U.S.C. Sec. 227(b)(1), Plaintiff seeks five hundred dollars ($500) in statutory damages pursuant to 47 U.S.C. Sec. 227(b)(3)(B);

    b. For every knowing and/or willful violation of 47 U.S.C. Sec. 227(b)(1), Plaintiff seeks fifteen hundred dollars ($1,500), pursuant to 47 U.S.C. Sec. 227(b)(3)(B);

   c. Actual damages, as proven at trial, if actual damages exceed the above-stated statutory damages; and

## COUNT II
## VIOLATIONS OF FLORIDA CONSUMER PROTECTION PRACTICES ACT

20. Plaintiff repeats the allegations set forth in paragraphs 1 through 16 above as if fully restated herein.

21. This is an action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA). Fla. Stat. §§ 559.55-559.785.

22. The volume and frequency of phone calls initiated by Defendant to Plaintiff's cellular phone could reasonably be expected to, and did harass Plaintiff.

23. Defendant's initiation of a substantial volume of phone calls to Plaintiff's cell phone, initiated during working hours, and even after Plaintiff specifically instructed Defendant to stop calling during work hours, could reasonably be expected to, and did harass Plaintiff.

24. Defendant's actions constitute harassment and abuse of the Plaintiff given the amount of communications with Plaintiff after being told to specifically stop calling. Fla. Stat. § 559.72(7).

25. Plaintiff has retained the undersigned counsel for the purposes of pursuing this matter against Defendant and is obligated to pay said counsel a reasonable fee for their services. The FCCPA provides for an award of attorney's fees should Plaintiff prevail in this matter. Fla. Stat. § 559.77(2).

  **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against Defendant as follows:

   a. for actual damages and statutory damages, under Florida Statute Sec. 559.77; and

   b. for reasonable attorney's fees and court costs, under Florida Statute Sec. 559.77.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: September 3, 2015          Respectfully submitted,

                                           */s/ Seth M. Lehrman*
                                           Seth M. Lehrman (Fla. Bar No. 132896)
                                           Email: seth@pathtojustice.com
                                           FARMER, JAFFE, WEISSING,
                                           EDWARDS, FISTOS & LEHRMAN, P.L.
                                           425 North Andrews Avenue, Suite 2
                                           Fort Lauderdale, FL 33301
                                           Telephone: (954) 524-2820
                                           Facsimile: (954) 524-2822

                                           *Attorney for Plaintiff*